

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2003

# USA v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Evans" (2003). *2003 Decisions*. Paper 214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3564

UNITED STATES OF AMERICA

v.

DONALD EVANS,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00024-01)
District Judge:  Honorable Berle M. Schiller

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2003

Before:  RENDELL, WEIS and GARTH, Circuit Judges.

(Filed October 6, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

On May 29, 2002, Appellant Donald Evans pled guilty to three counts of dealing

in counterfeit United States currency, in violation of 18 U.S.C. § 473.  The plea

agreement stipulated that for sentencing purposes Evans had an offense level of 16 and a

criminal history category of IV, resulting in a sentencing range of 33-41 months. At the sentencing hearing, the government filed a motion for a downward departure under U.S.S.G. § 5K1.1 because Evans had volunteered information that led to the arrest of a co-defendant. The District Court granted the government's motion and imposed a sentence of 30 months imprisonment, three years supervised release, and a special assessment of $300. Evans now appeals. The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291. We will affirm.

Evans' counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there are no non-frivolous issues raised in this appeal and requesting to withdraw as counsel. As required by *Anders*, Evans' counsel has identified one issue that might arguably support an appeal. Although Evans was advised of his right to file a *pro se* brief, he has not done so.

In reviewing an *Anders* brief, we ask (1) whether counsel adequately examined the record for appealable issues and explained why such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Evans' counsel has met the first requirement by identifying one possible issue that might arguably support an appeal: whether the District Court abused its discretion when it departed from the sentencing guideline range of 33 to 41 months imprisonment to a sentence of 30 months imprisonment based on the government's motion for a downward departure. In his brief, counsel suggests that any

2

appeal would be based solely on Appellant's dissatisfaction with the extent of the departure, and concludes that this issue is not subject to review. Counsel further asserts that there are no other non-frivolous issues presented in the record.

An independent review of the record confirms that Evans' appeal is entirely frivolous. In his brief, counsel discusses the downward departure for substantial assistance that the District Court imposed, and correctly explains that the extent of such a departure lies wholly within the District Court's discretion. *See United States v. Torres*, 251 F.3d 138, 145 (3d Cir. 2001). Indeed, we lack jurisdiction to review such a departure. *Id*.

As required by *Anders*, Evans' counsel conducted a conscientious review of the record and properly concluded that there are no non-frivolous issues on which to base an appeal. Satisfied that all of the *Anders* requirements have been met, we will GRANT counsel's motion to withdraw and AFFIRM the judgment of the District Court.

/s/ Marjorie O. Rendell
Circuit Judge

3